First case this morning is 4-15-0566, Henry, the Application of County Treasurer, for the Appellant is Attorney Mark Morflin, for the Appellee is Attorney Edward Graham Jr. and also Attorney Will Conrad. Counsel for Appellees, have you determined your split of time? All right, and have you informed the bailiff of that? Thank you. Mr. Morflin, you may proceed. May it please the Court, Counsel, I'm Mark Morflin and I'm here on behalf of Katherine Ballinger. The facts in this case are relatively simple. Mr. Pyatt sells a piece of property on contract for deed. Somehow, and it's not really relevant to this case, the warranty deed, which is a part of that contract for deed, gets filed in the Recorder's Office. Dickin and Paisley are the purchasers and they go record that warranty deed. Next, they don't pay the real estate taxes, so the 2008 taxes go unpaid and they get sold on November 20th of 2009. My client, Katherine Ballinger, purchases those taxes. She pays subsequent year's taxes, she files a petition for tax deed, she sends out all the notices, and then on November 16th, 2012, she obtains an order directing issuance of the tax deed. Two and a half months later, a petition to quiet, or a complaint to quiet title, is filed by Mr. Pyatt, Mr. Graham, on behalf of Mr. Pyatt. Now that goes on for several months, and what they're trying to do is quiet title, I believe, between Mr. Pyatt and the contract DNDs, Dickins and Paisley. At some point in time, and I'm not sure if Katherine Ballinger was originally joined as a defendant or she was added as a defendant, but then what is created is a collateral attack on her order directing issuance of tax deed. And we know that under the tax code, you may not collaterally attack a tax deed. If you're going to do it, you're going to appeal the decision within 30 days in the TX case, or you've got to revert to section 2-1401 of the Illinois Code of Civil Procedure. So eventually, I, on behalf of Katherine Ballinger, in the CH case, file a motion to strike and dismiss, based upon the collateral attack. Eventually, now we're in the summer of 12, or the summer of 13, eventually that motion is in effect confessed by Mr. Graham, and he immediately files a motion to vacate the tax deed in our TX case. This is all the litigation that's going on. That goes on and on for an extended period of time. Multiple pleadings are filed, most of which are filed without leave of court. But eventually, we do get to court. And the issues were, there were two issues at that point in time. The first issue was whether the bank was entitled to a take notice. And I'm not going to address that today, because Judge Diamond, in his order, did not address it. But that was one of the two issues. The second issue that was presented, and the one that I'm bringing before this court, is whether or not the tolling provisions of section 2285 applied in our situation. Judge Diamond, repeatedly, during oral arguments, suggested that that tolling provision may not apply. And there were three cases that were presented to the court with regard to that issue. The first, all three are cited in my brief. I refer to them as the City of Chicago case, Bryant v. Bowman, and Cert v. GB Properties. I think it might have been Judge Diamond who brought Cert into the picture. I just can't be for sure. But it was argued before the court. The main issue is, that I believe, is I presented City of Chicago and Bryant v. Bowman. City of Chicago basically outlines the tolling provisions of section 2285. 2285 says, if you don't record a deed within one year after the expiration of the period of redemption, then your certificate and orders are void, you're not entitled to record that deed, and you're out of money. Unless there is pending litigation that prevents you from obtaining that. So, in City of Chicago, that court outlines what the tolling, how the tolling provisions operate. The next case, which is a very interesting case, is Bryant v. Bowman. And that same situation, tolling the one-year period in 2285. But the court in that particular case adds a little bit more. Again, these two cases dealt with a petition for tax deed being filed. And then an objection being filed preventing you from getting your order directing issuance of tax deed. And that was the arguments that were made by the Avalese attorneys at the hearing. They said, wait a minute, the tolling provisions should not apply because you got your order directing issuance of tax deed. But if you look at Bowman, it's page 7 of an 8-page opinion. The Bowman court says, the fact that a petitioner had, from July 15, 1997, when they got their order directing issuance of tax deed, until August 21, 1997, which is the date that that one year expired, so they had a month to go in and record their tax deed in Bowman. To take out and record the tax deed and fail to do so does not change this analysis. What I believe they are saying, what we're suggesting that they're saying, is it doesn't matter whether it's before or after. If there's litigation with that one year, we believe that that one year should be tolled during the pendency of that litigation. Well, then Judge Diamond comes in and suggests that there are inconsistencies between those two cases that I just cited and the CERT versus GB management. I respectfully suggest that Judge Diamond misapplied the CERT case. CERT really isn't about a 2285 question. CERT is about properly extending the notice of redemption. Two issues presented in CERT that are very subtle. The first is, if you want to extend your period of redemption, you have to take a written notice of extension of the period of redemption to the county clerk's office within the current redemption period. That's number one. Number two, the tax code requires that to perfect your tax deed, you must file within three to six months prior to the expiration of the period of redemption. You must file a petition for tax deed. So now let's take a look at CERT versus GB property management. CERT went in and extended his redemption to October 30th, 1998. October 30th, 1998 goes by. Nothing happens. Then he goes in in December of 1998 and tenders to the county clerk a notice of extension of the period of redemption. Not good enough. Can't do that. So everything that he did after that, let me back up, so October 30th of 1998 was the period of redemption expired. He had not six months prior to that filed a petition for tax deed. So his deed is void. Whether he recorded the deed in a timely fashion or didn't record a deed. Any deed that he recorded is void. That's the holding of CERT. Now subsequent cases, there are two other cases. CIPI, C-C-P-I-L-L-C versus M-B financial bank, which also cites CERT for the same proposition. The notice of the extension of the period of redemption must be filed in the clerk's office by the holder of the certificate within that current redemption period. If you let that period expire and you go in and try and extend it, your deed is void. There was one other case, which I don't have with me, that cited CERT with the same proposition. So we're suggesting that Judge Dimond ruled that the tolling provisions of 2285 did not apply because of CERT's inconsistency with these other two cases when in fact it is in complete harmony. With those other two cases, and he just misinterpreted that case. Now, there's been some suggestion by the appellees that this does not apply because we had an order directing issuance of tax deed. One of the cases cited was Brooks versus Goins. A 1967 case. Brooks versus Goins has no application to our case. That case involved a garnishment proceeding and sanctions against an attorney for untrue pleadings. It has never, ever been cited in a tax case in the state of Illinois that I can find. So it has absolutely no application to our situation. The next one is Safeway versus Edward Rosewell. The bank cited that in their case. Again, that was a situation where the certificate holder was trying to use the tolling provisions of 2285 in a motion for declaration of sale and heir situation. The appellate court said no. First, we note that the tolling provision of section 2285 applies when the court refuses or otherwise unable to act upon the application for tax deed. In the present case, though, petitioner did not file a tax deed. He filed a motion to vacate the tax sale. Thus, 2285 is not applicable here. That's a holding in that case, and that's it. It has no application to what we have here. So for those reasons, we believe that if the court will take a close look at Bryant v. Bowman and CERT v. GB properties, and then take a look at Judge Diamond's order, you'll find that Judge Diamond's order misapplied CERT. And we would ask that this court reverse the decision of Judge Diamond and further grant the cross-motion for summary judgment filed by Catherine Ballinger. Thank you. All right. Thank you, Mr. Northland. For the appellees, who will argue first? Thank you. May it please the court, counsel. The litigation underlying this appeal is a convoluted and complicated process. It's basically related to the relationship between the parties that existed at the time these transactions occurred. It dealt with a vendor and a vendee and a tax purchaser, and different rights and interests were tried to be adjudicated during a period of time. The other thing that convoluted the process during that period of time was the fact that there was an attempted settlement that at least some of us thought resolved all the issues in the case. There were a lot of things that happened in the underlying litigation over the period of time from the time it commenced up until the time that Judge Diamond ruled. The bottom line is, though, that all of that really is irrelevant relative to the issues that are presented on this appeal. And I'm happy to discuss any of them if the court wants to discuss any of those issues. But they really don't have anything to do with why we're here today. There is a statute that specifically governs the outcome of this particular matter. The statute is 35 ILCS 200-22-85, and it provides that the holder of a certificate for a tax deed is, I'm sorry, it's the same statute, but I was reading the wrong one, requires that unless the holder of a certificate purchased at a tax sale under this code takes out the deed in the time provided by law and records the same within one year from and after the date that the period of redemption expires, then the deed itself is void and has no effect and there's no right of reimbursement. In this particular case, the redemption period expired on October 25, 2012. An order was entered by the Circuit Court in Macon County granting the right to take out the deed on 11-16 of 2012. The petitioner was thereby required to record the deed that he was authorized to take out at any time between November 16, 2012 and October 25 of 2013. He didn't record it. There isn't any doubt about the fact that it wasn't recorded. The question then comes up is, is there an exception to the general rule that provides a remedy to the petitioner, in this case, to record his deed at some time outside that one-year period of time? And there is an exception in the statute. There is only one. That exception is that if the holder of a certificate is prevented from obtaining a deed by injunction or order of court, or by the refusal or inability of any court to act upon the application for the tax deed, or by the refusal of the clerk to execute the deed, then the time during which the petitioner is required to record the deed is stayed during that delay. Now, the right of the petitioner in that case, under that exception, is very specific. And it is that only where the certificate is prevented, the holder of the certificate is prevented from obtaining the deed, and in this case he wasn't prevented in any respect from obtaining the deed, or the refusal or inability of any court to act upon the application for the deed, and the court acted directly on the application for the issuance of the deed, and did so in an appropriate and timely fashion based on the application that was presented by the petitioner, or by the refusal of the clerk to execute the same, and in this case the clerk never got the opportunity to execute the same because apparently the order that was entered by the court was never presented to the clerk to issue the deed. Then that time period would be stayed. In this particular case, none of those things happened. The time period wasn't stayed. In the cases that are described by the petitioner under those exceptions, one of two things occurred. Either the issuance of the order by the court authorizing the deed was delayed for a period of time that, well, it happened in one circumstance. Really, it can be paraphrased as just one. The trial court's action in authorizing the issuance of the deed delayed the process so that the petitioner could not record the deed within the one-year term. Now, that either happened because there was litigation between the parties as to whether a deed should even be issued, or it happened because the litigation between the parties as to whether or not the deed should be issued took so long that the period of time between the time that the order was entered and the one-year term after the expiration of the period of redemption didn't allow for the recording of the deed during that period of time. There is no other circumstance where there is adequate time available for the petitioner to record the deed, and there was in this case almost a year, where the petitioner has the opportunity to obtain the deed and never takes it out, and whether he takes it out or not doesn't record it within the one-year period of time. None of the authority that's provided by the petitioner in this case supports that position, and in fact supports exactly the opposite. And I know they've relied on the cert case in particular. The cert case that I quoted from it in the brief specifically states, and it's at page 362, Meaning, no matter what period of time the petitioner suggested the term should be stayed. Assuming, arguendo, that the period between the filing of the petition and the order directing the issue of the tax deed was told, the record shows that cert failed to record his deed within the time prescribed by law, which he would have been able to do prior to the filing of the motion of vacating. The cert case doesn't support the plaintiff's position. The cert case supports exactly the opposite, which is that if you have the opportunity to record the deed within the statutory term, you must record the deed within the statutory term. The City of Chicago case says essentially the same thing, under a different set of facts. And in the City of Chicago case that they've referred to in their brief, the issue there was whether or not the court's action in delaying entry of the order that authorized the taking of the deed allowed a stay. It did, because the exact exemption that is provided under the statute was fulfilled. In that case, the holder of the certificate purchased at the tax sale under the code was unable to record the deed because of the fact that the court was unable, because it had pending litigation, to act upon the application for the tax deed. Does the pendency of the 214-01 petition impose any impediment under 2285? It does not. It does not. And there are cases on both sides of the fence here, by both sides of the fence, I mean cited by the petitioner and cited by the respondent here also, that go to that exact proposition. Whether or not there's litigation pending during the one-year term is irrelevant. Whether or not there is litigation pending that would prevent the court from entering an order that allows for the issuance of the tax deed is very relevant. That is, in fact, the operative term and the operative period of time during which we would expect to see a stay of that period of time for the purpose of delaying the opportunity to file or record the deed. In all the cases that are cited here by the petitioner, you have a situation where the court delayed the issuance of an order allowing the taking of the tax deed. And because of that, the petitioner was not able to record the deed within the period of time that's allowed by the statute. That's not what we have here. What we have here is the issuance of an order that allowed for, well, you have the expiration of the period of redemption in October 25, 2012. You have the entry of an order on November 16, 2012 that says, go get your deed, take it and record it. And we have the expiration of the period of time that's allowed under the statute as being November 16 or 15, 2013 as being the period of time during which the petitioner should have recorded that deed. Now it doesn't make any difference if there's a whole lot of other stuff going on after the period of time, after the time that the judge entered the order. Because when he entered the order, they had to record the deed. They did not ever record the deed. They haven't recorded the deed even up until today. And that, I think, in summary, is the answer to the question here. So we would ask the Court to affirm the judgment of the Circuit Court for Macon County. Thank you, Your Honor. Thank you, Counsel. Good morning, Your Honors. Will Conrad for Town and Country Bank Mortgage Services Incorporated. This Court will be reviewing Judge Diamond's decision with the novel review as this involves a case of statutory interpretation. Judge Diamond specifically ruled that the tolling provision set out in 35 ILCS 200-22-85 does not apply when the application has already been ruled on and litigation involving the order is filed after that application has been ruled on. Now, one of the judicial canons Judge Diamond would have considered is when you come across a statute that has a plain and ordinary meaning that is clear and concise, how do you interpret that? And I briefly just want to read a quote from a, I believe it was a second district opinion that just came out in March, and I came across it, and I believe it correctly states what this Court is supposed to do when it comes across a plain, ordinary statute. The Court said, to follow our obligation to effectuate the legislature's intent, we must give the statute its plain meaning without reading in exceptions, limitations, or conditions that conflict with the express legislative intent. Now, when you look at the statute, 35 ILCS 200-22-85, there are three grounds where the tolling provision would apply to this one-year period from expiration of the redemption period that a tax purchaser has to record that deed. The first would be if the certificate holder is prevented from obtaining a deed by injunction or order of any kind. That hasn't been alleged here, and it should be not considered by this Court and considered waived. The second one is the refusal or inability of any Court to act upon the application for a tax deed. That is the only issue here, because the third one, the refusal of the clerk to execute the same deed, also hasn't been waived and should be deemed waived and not considered by this Court. So let's go back to that second one. The legislature very specifically put in a qualifier. The inability of the Court to act upon the application, that was specific in the statute. It's very clear. Now, if we look at the legislature intent and the case precedent surrounding this statute, you're going to see the legislature wanted the tax purchaser to have the ability to record a deed. When you file a petition as a tax holder of these certificates, you still need the Court's authority to record a deed. You need some type of thing to be able to enforce. Just like a regular judgment in any small claims case, you need that order, that grant of authority. That happened in this case. The authority was given to Ms. Ballinger to record the tax deed, but she never took that authority and recorded it. The mere filing of a 1401 motion doesn't toll or stay the enforcement of the order. That goes with just any judgment, like a small claims judgment. Filing a 1401 case law is very clear. It's on the moving party to toll it, to stay it, or they can enforce it. He could have enforced it. He chose not to in this case. If we look at the cases, they're going to be very clear. You have City of Chicago, Bryan v. Bowman. These involved issues relating to the application. Okay, the application hasn't been granted and the statute's very clear. It's still pending. It must be tolled until that's dealt with. Mr. Morthland's, I guess, reading of Bryant where it says he had an opportunity to record the deed and then it was brought later. I think it's misplaced because, again, it goes back to the application. It had not been ruled on in either case. The third case, CERT, again, kind of an outlier, but basically he missed the redemption period. He let it expire. Then he filed another motion to extend it. There's some litigation involving that. It had actually been granted. So I don't think it's really applicable. But Rosewell, I believe, is very applicable. The holding in that was tax holder did not record a deed within one year, had filed a motion to vacate before that one year was up, though, and then tried to use the statuted issue to say that it was tolled. Well, the court said no. And it very specifically, in italics, said, first, we note the tolling provision of Section 2285 applies when the court refuses or is unable to act upon, in italics, the application for tax deed. It was very clear this is a specific qualifier. Once we've ruled on this and you have that authority, you can no longer rely on that tolling provision. You must record the tax deed. Mr. Morthland could have done it at any time. There's no court order preventing him. He had that authority. He just failed to do so. And I think the Rosewell court, the district issuing all of, I believe, these opinions, the first district, was very clear about setting that out. And you'll notice in the appellant's brief, you're going to see language about litigation should toll it. That makes this tolling provision apply. Well, that's not the language of the statute. The statute says, upon the application. And you're going to notice he never actually cites to the statute, uses this litigation, tolls it. Well, that's because the statute's very clear. It's concise. It may only be told if the court cannot act on the application, which isn't the case in this. Basically, what Mr. Morthland is trying to do is have you guys write in that, even though the legislature was clear regarding the application for tax deed, we should say any litigation involving a tax deed should automatically toll this one-year period. That is not what the legislature meant. And I believe Judge Dimond is correct in interpreting it like that. Also, it's a very harmonious reading with 1401 motions, a motion to vacate judgment that had been entered more than 30 days. And that is, you already can enforce that order. It would be on me or Mr. Graham to file some type of motion to stay or toll that enforcement of that order. That was not done in this case. And at all times, it could have been done. That is all I have, Your Honor. Thank you very much. All right. Thank you. Rebuttal. Those cases, the City of Chicago and Brian B. Bowman's cases stand also for the proposition that you do not need to file a written motion to toll the effect of 2285. Both of those cases say that. Let's talk about recording a deed very briefly. Sure, my client or I could have snuck down to the county clerk's office. We had a potentially defective order that is being attacked by a 1401 petition. We could have gone down there and had the county clerk issue the tax deed and record the tax deed. We could have gone to that expense and take that time to do that, only to have it vacated for whatever reason. That seems to me to be somewhat ludicrous, to impose that duty upon the certificate holder when there is litigation pending, challenging your order, saying that your order directing issuance of the tax deed is defective. I don't think that the law is supposed to be logical. And that, to me, is illogical, suggesting that a certificate holder carry, take a tax deed down. Because you also have to tender a certified copy of the order to the county clerk before they'll execute it. And of course you've got to pay in money. And then you've got to go up to the recorder's office and pay more money, only to have that tax deed vacated. So I would suggest that the law does not require that. Then, lastly, and again I'm going to go back to this cert case. I would ask that the court pay close attention to the real reason that that deed was found to be void. Because I suggest to you, for once in my life, I might be correct. That it was the simple fact that he didn't properly extend the notice of redemption, and he did not file a tax deed three to six months prior to that redemption expiring. We'd ask that you reverse Judge Diamond. Thank you. All right. Thank you. Thank you, counsel. The case will be taken under advisement and are written to Susan Michalis.